FILED: NASSAU COUNTY CLERK 12/16/2017 10:58 AM
NYSCEF DOC. NO. 1

INDEX NO. 613675/2017
RECEIVED NYSCEF: 12/16/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
WILLIAM HIGGINS,

        Plaintiff,

- against -

BIOMET, INC. and BIOMET ORTHOPEDICS, INC.,

        Defendants.
-----------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, **DELL & DEAN, PLLC**, complaining of the Defendants, respectfully allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF WILLIAM HIGGINS

1.    At all times herein mentioned, Plaintiff **WILLIAM HIGGINS** was and still is a resident of the County of Nassau, State of New York.

2.    That at all times herein mentioned, Defendant **BIOMET, INC.**, was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of Indiana and doing business within the State of New York.

3.    That at all times herein mentioned, Defendant **BIOMET ORTHOPEDICS, INC.**, was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of Indiana and doing business within the State of New York.

4.    That Defendant **BIOMET, INC.** committed a tortious act within the State of New York.

5.    That Defendant **BIOMET ORTHOPEDICS, INC.** committed a tortious act within the State of New York.

6.    That Defendant **BIOMET, INC.** regularly does, or solicits, business in the State of New York.

FILED: NASSAU COUNTY CLERK 12/16/2017 10:58 AM
NYSCEF DOC. NO. 1

INDEX NO. 613675/2017
RECEIVED NYSCEF: 12/16/2017

7. That Defendant **BIOMET ORTHOPEDICS, INC.** regularly does, or solicits, business in the State of New York.

8. That Defendant **BIOMET, INC.** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

9. That Defendant **BIOMET ORTHOPEDICS, INC.** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

10. That at all times herein mentioned the Defendant **BIOMET, INC.** was in the business of selling, manufacturing and distributing a Biomet Orthopedics, Inc. A hip replacement prosthetic device for the purpose of sale and use to the general public.

11. That at all times herein mentioned the Defendant **BIOMET ORTHOPEDICS, INC.** was in the business of selling, manufacturing and distributing a Biomet Orthopedics, Inc. left hip replacement prosthetic device for the purpose of sale and use to the general public.

12. That at all times herein mentioned the Defendant **BIOMET, INC.** was in the business of selling, manufacturing and distributing a Biomet Orthopedics, Inc. left hip replacement prosthetic device for the purpose of sale and use to businesses.

13. That at all times herein mentioned the Defendant **BIOMET ORTHOPEDICS, INC.** was in the business of selling, manufacturing and distributing a Biomet Orthopedics, Inc. left hip replacement prosthetic device for the purpose of sale and use to businesses.

14. That the Defendant **BIOMET, INC.** designed, manufactured, assembled, created, tested, inspected, produced, marketed, imported, distributed, marketed and sold a certain product called a Biomet Orthopedics, Inc. left hip replacement prosthetic device.

15. That the Defendant **BIOMET ORTHOPEDICS, INC.** designed, manufactured, assembled, created, tested, inspected, produced, marketed, imported, distributed, marketed and sold a certain product called a Biomet Orthopedics, Inc. left hip replacement prosthetic device.

3

FILED: NASSAU COUNTY CLERK 12/16/2017 10:58 AM
NYSCEF DOC. NO. 1

INDEX NO. 613675/2017
RECEIVED NYSCEF: 12/16/2017

16. That on or about May 18, 2005, Plaintiff **WILLIAM HIGGINS** underwent left hip replacement surgery at North Shore University Hospital at Glen Cove, when a BIOMET porous ingrowth total hip replacement system, magnum, metal on metal was implanted., which system included a Magnum 2A 58 mm outer diameter, 52 mm inner diameter acetabulum, M2A Magnum modular head, and a collarless biometric porous stem, and such system remained in place up to on or about February 17, 2016 when a revision was performed and the system was removed.

17. That at all times herein mentioned, including from on or about May 18, 2005 up to and including on or about February 17, 2016 the Defendant, **BIOMET, INC.** manufactured, sold, distributed and delivered to various retailers the above mentioned product.

18. That at all times herein mentioned, including from on or about May 18, 2005 up to and including on or about February 17, 2016, the Defendant, **BIOMET ORTHOPEDICS, INC.** manufactured, sold, distributed and delivered to various retailers the above mentioned product.

19. That from on or about May 18, 2005 up to and including on or about February 17, 2016, Plaintiff **WILLIAM HIGGINS**, used said product of Defendant **BIOMET, INC.**, in the manner intended and/or foreseeably intended, when the product malfunctioned, failed and/or otherwise caused injury to the plaintiff, thereby causing severe and catastrophic personal injuries to plaintiff.

20. That from May 18, 2005 up to and including February 17, 2016, Plaintiff **WILLIAM HIGGINS**, used said product of Defendant **BIOMET ORTHOPEDICS, INC.**, in the manner intended and/or foreseeably intended, when the product malfunctioned, failed and/or otherwise caused injury to the plaintiff, thereby causing severe and catastrophic personal injuries to plaintiff.

21. That the Defendant **BIOMET, INC.** warranted said product was fit for the purpose for which it was intended.

22. That the Defendant **BIOMET ORTHOPEDICS, INC.** warranted said product was fit for the purpose for which it was intended.

FILED: NASSAU COUNTY CLERK 12/16/2017 10:58 AM
NYSCEF DOC. NO. 1
INDEX NO. 613675/2017
RECEIVED NYSCEF: 12/16/2017

23. That the Defendant **BIOMET, INC.** warranted that said product was safe to use in every respect, and had been designed, created, assembled and manufactured safely and warranted that it was good, safe and proper to use.

24. That the Defendant **BIOMET ORTHOPEDICS, INC.** warranted that said product was safe to use in every respect, and had been designed, created, assembled and manufactured safely and warranted that it was good, safe and proper to use.

25. That the Defendant **BIOMET, INC.** impliedly warranted that the said product was of merchantable quality and was safe for use.

26. That the Defendant **BIOMET ORTHOPEDICS, INC.** impliedly warranted that the said product was of merchantable quality and was safe for use.

27. That the Defendant **BIOMET, INC.** designed, created, manufactured, assembled, tested, inspected, produced, marketed, imported, distributed and sold a certain Biomet Orthopedics, Inc. left hip replacement prosthetic device which caused Plaintiff, **WILLIAM HIGGINS**, to suffer severe and permanent personal injuries

28. That the Defendant **BIOMET ORTHOPEDICS, INC.** designed, created, manufactured, assembled, tested, inspected, produced, marketed, imported, distributed and sold a certain Biomet Orthopedics, Inc. left hip replacement prosthetic device which caused Plaintiff, **WILLIAM HIGGINS**, to suffer severe and permanent personal injuries

29. That relying upon said warranties, Plaintiff **WILLIAM HIGGINS** proceeded to use the said product in accordance with its intended use.

30. That from on or about May 18, 2005 up to and including on or about February 17, 2016, the Plaintiff **WILLIAM HIGGINS** while using the product in accordance with its intended use and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries.

31. That the aforesaid injuries were caused without any fault and/or negligence on the part of the Plaintiff **WILLIAM HIGGINS** contributing thereto.

FILED: NASSAU COUNTY CLERK 12/16/2017 10:58 AM
NYSCEF DOC. NO. 1

INDEX NO. 613675/2017
RECEIVED NYSCEF: 12/16/2017

32. That the aforesaid accident was caused solely and wholly by reason that Defendant BIOMET, INC. breached their warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

33. That the aforesaid accident was caused solely and wholly by reason that Defendant BIOMET ORTHOPEDICS, INC. breached their warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

34. That the carelessness and recklessness of the Defendant BIOMET, INC. in the design, creation, manufacture, assembly, testing, inspection, production, sales, distribution and selling of the aforesaid Biomet Orthopedics, Inc. left hip replacement prosthetic device; in creating a Biomet Orthopedics, Inc. left hip replacement prosthetic device which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; in designing, manufacturing, assembling and distributing a Biomet Orthopedics, Inc. left hip replacement prosthetic device which was unfit for its intended purposes and was dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid Biomet Orthopedics, Inc. left hip replacement prosthetic device; in using defective materials; in manufacturing the devices magnum metal on metal; in failing to warn of its proper use; in failing to properly test and inspect the product during manufacturing and assembly process; in negligently and carelessly warranting, representing and advertising that the Biomet Orthopedics, Inc. left hip replacement prosthetic device was safe and free from danger when used in the customary and usual manner; in failing to give proper instructions, warnings and cautions; in failing to maintain the Biomet Orthopedics, Inc. left hip replacement prosthetic device which endangered the life and limb of its users; in failing to manufacture, design and placing into the stream of commerce a Biomet Orthopedics, Inc. left hip replacement prosthetic device which was not properly designed, manufactured and assembled; in failing to comply with the applicable laws, rules and regulations; in causing blood poisoning; in causing unsafe cobalt and chromium

6

blood levels; in causing a need for further surgery; and Defendant, **BIOMET, INC.**, was otherwise negligent in the operation, supervision and maintenance of said device.

35. That the carelessness and recklessness of the Defendant **BIOMET ORTHOPEDICS, INC.** in the design, creation, manufacture, assembly, testing, inspection, production, sales, distribution and selling of the aforesaid Biomet Orthopedics, Inc. left hip replacement prosthetic device; in creating a Biomet Orthopedics, Inc. left hip replacement prosthetic device which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; in designing, manufacturing, assembling and distributing a Biomet Orthopedics, Inc. left hip replacement prosthetic device which was unfit for its intended purposes and was dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid Biomet Orthopedics, Inc. left hip replacement prosthetic device; in using defective materials; in failing to warn of its proper use; in failing to properly test and inspect the product during manufacturing and assembly process; in negligently and carelessly warranting, representing and advertising that the Biomet Orthopedics, Inc. left hip replacement prosthetic device was safe and free from danger when used in the customary and usual manner; in failing to give proper instructions, warnings and cautions; in failing to maintain the Biomet Orthopedics, Inc. left hip replacement prosthetic device which endangered the life and limb of its users; in failing to manufacture, design and placing into the stream of commerce a Biomet Orthopedics, Inc. left hip replacement prosthetic device which was not properly designed, manufactured and assembled; in failing to comply with the applicable laws, rules and regulations; in causing blood poisoning; in causing unsafe cobalt and chromium blood levels; in causing a need for further surgery and Defendant, **BIOMET ORTHOPEDICS, INC.**, was otherwise negligent in the operation, supervision and maintenance of said device.

36. That by reason of the foregoing, Plaintiff **WILLIAM HIGGINS** was caused to sustain serious injuries and to have suffered pain, conscious pain and suffering, blood poisoning,

7

FILED: NASSAU COUNTY CLERK 12/16/2017 10:58 AM
NYSCEF DOC. NO. 1

INDEX NO. 613675/2017
RECEIVED NYSCEF: 12/16/2017

unsafe blood cobalt levels, unsafe blood chromium levels, synovial fluid inculcated with cobalt and chromium, osteolytic reaction to the acetabulum, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff **WILLIAM HIGGINS** has been caused to incur, and will continue to incur, expenses for medical care and attention and has suffered economic loss; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

37. That this action falls within one or more exception set forth in § 1602 of the CPLR.

38. That as a result of the foregoing, Plaintiff **WILLIAM HIGGINS** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF WILLIAM HIGGINS

39. Plaintiff **WILLIAM HIGGINS**, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

40. That at all times hereinafter mentioned, the defendants designed, manufactured and distributed the Biomet Orthopedics, Inc. left hip replacement prosthetic device in question, knowing and intending for it to be used by the public.

41. That from on or about May 18, 2005 up to and including on or about February 17, 2016, , the Plaintiff, **WILLIAM HIGGINS**, was making use of the aforesaid Biomet Orthopedics, Inc. left hip replacement prosthetic device, in a manner which the Defendant **BIOMET, INC.** knew and intended to be used and/or in a manner foreseeable by the Defendant.

42. That from on or about May 18, 2005 up to and including on or about February 17, 2016, **WILLIAM HIGGINS**, was making use of the aforesaid Biomet Orthopedics, Inc. left hip replacement prosthetic device, in a manner which the Defendant **BIOMET ORTHOPEDICS, INC.** knew and intended to be used and/or in a manner foreseeable by the Defendant.

8

FILED: NASSAU COUNTY CLERK 12/16/2017 10:58 AM
NYSCEF DOC. NO. 1

INDEX NO. 613675/2017
RECEIVED NYSCEF: 12/16/2017

43. That the said product was defective and that said defect was a substantial factor in causing the injury to the Plaintiff WILLIAM HIGGINS.

44. That from on or about May 18, 2005 up to and including on or about February 17, 2016, Plaintiff WILLIAM HIGGINS, used the product for the purpose and use normally intended.

45. That from on or about May 18, 2005 up to and including on or about February 17, 2016, , while Plaintiff WILLIAM HIGGINS was using the said product, which was without any guards or warnings, malfunctioned causing Plaintiff to suffer severe bodily injuries.

46. That upon information and belief, the Biomet Orthopedics, Inc. left hip replacement prosthetic device in question was defective in that, among other things, it was made of improper and defective material; it was improperly designed; it was improperly manufactured; it failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous; it will cause severe injuries while being used and the product was otherwise defective.

47. That from on or about May 18, 2005 up to and including on or about February 17, 2016, while Plaintiff WILLIAM HIGGINS was caused to sustain those bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, BIOMET, INC., their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing and maintaining said product for use by businesses and the general public; and in otherwise being careless and negligent.

48. That from on or about May 18, 2005 up to and including on or about February 17, 2016, while Plaintiff WILLIAM HIGGINS was caused to sustain those bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, BIOMET ORTHOPEDICS, INC., their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing,

9

FILED: NASSAU COUNTY CLERK 12/16/2017 10:58 AM
NYSCEF DOC. NO. 1

INDEX NO. 613675/2017
RECEIVED NYSCEF: 12/16/2017

producing, distributing and maintaining said product for use by businesses and the general public; and in otherwise being careless and negligent.

49. That by reason of the foregoing, the Defendant, **BIOMET, INC.**, their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

50. That by reason of the foregoing, the Defendant, **BIOMET ORTHOPEDICS, INC.**, their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

51. That by reason of the foregoing, Plaintiff **WILLIAM HIGGINS** was caused to sustain serious injuries and to have suffered pain, conscious pain and suffering, blood poisoning, unsafe blood cobalt levels, unsafe blood chromium levels, synovial fluid inculcated with cobalt and chromium, osteolytic reaction to the acetabulum, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff **WILLIAM HIGGINS** has been caused to incur, and will continue to incur, expenses for medical care and attention and has suffered economic loss; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

52. That by reason of the foregoing Defendants are liable to the Plaintiff **WILLIAM HIGGINS** under the doctrine of Strict Products Liability and pursuant to Section 402A -Restatement of Torts Second.

53. That by reason of the foregoing, Plaintiff **WILLIAM HIGGINS** has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

10

FILED: NASSAU COUNTY CLERK 12/16/2017 10:58 AM
NYSCEF DOC. NO. 1

INDEX NO. 613675/2017
RECEIVED NYSCEF: 12/16/2017

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF WILLIAM HIGGINS

54. Plaintiff WILLIAM HIGGINS, repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

55. That Defendant, BIOMET, INC., their agents, servants, and/or employees expressly or impliedly warranted and represented to the plaintiff that the aforesaid Biomet Orthopedics, Inc. left hip replacement prosthetic device was safe, proper, merchantable and fixable, foreseeable and intended uses for which it was designed, manufactured and assembled; that it was not a danger to the user; that it would not be dangerous or present a risk of injury; that it was free from defects, was reasonably safe, was of merchantable quality and reasonably fit for the purposes for which it was designed, manufactured, assembled, inspected, tested, sold and purchased and intended to be used.

56. That Defendant, BIOMET ORTHOPEDICS, INC., their agents, servants, and/or employees expressly or impliedly warranted and represented to the plaintiff that the aforesaid Biomet Orthopedics, Inc. left hip replacement prosthetic device was safe, proper, merchantable and fixable, foreseeable and intended uses for which it was designed, manufactured and assembled; that it was not a danger to the user; that it would not be dangerous or present a risk of injury; that it was free from defects, was reasonably safe, was of merchantable quality and reasonably fit for the purposes for which it was designed, manufactured, assembled, inspected, tested, sold and purchased and intended to be used.

57. That in creating, designing, manufacturing, assembling, testing, inspecting, distributing and selling the aforesaid Biomet Orthopedics, Inc. left hip replacement prosthetic device, the Defendant BIOMET, INC., their agents, servants and/or employees knew that the Biomet Orthopedics, Inc. left hip replacement prosthetic device would be used and the users of said Biomet Orthopedics, Inc. left hip replacement prosthetic device would rely upon the expressed and implied

FILED: NASSAU COUNTY CLERK 12/16/2017 10:58 AM
NYSCEF DOC. NO. 1

INDEX NO. 613675/2017
RECEIVED NYSCEF: 12/16/2017

warranties and representations that the said Biomet Orthopedics, Inc. left hip replacement prosthetic device was safe, proper, merchantable and fit for its intended uses and was free from any defects.

58. That in creating, designing, manufacturing, assembling, testing, inspecting, distributing and selling the aforesaid Biomet Orthopedics, Inc. left hip replacement prosthetic device, the Defendant **BIOMET ORTHOPEDICS, INC.**, their agents, servants and/or employees knew that the Biomet Orthopedics, Inc. left hip replacement prosthetic device would be used and the users of said Biomet Orthopedics, Inc. left hip replacement prosthetic device would rely upon the expressed and implied warranties and representations that the said Biomet Orthopedics, Inc. left hip replacement prosthetic device was safe, proper, merchantable and fit for its intended uses and was free from any defects.

59. That by reason of the foregoing, the Defendant, **BIOMET, INC.**, violated and breached the aforementioned express and implied warranties and that the Biomet Orthopedics, Inc. left hip replacement prosthetic device was not reasonably fit, not of merchantable quality, unfit for its intended uses, unsafe, defective, and constituted on a reasonably dangerous instrumentality as designed, manufactured, assembled, inspected, tested, sold and distributed.

60. That by reason of the foregoing, the Defendant, **BIOMET ORTHOPEDICS, INC.**, violated and breached the aforementioned express and implied warranties and that the Biomet Orthopedics, Inc. left hip replacement prosthetic device was not reasonably fit, not of merchantable quality, unfit for its intended uses, unsafe, defective, and constituted on a reasonably dangerous instrumentality as designed, manufactured, assembled, inspected, tested, sold and distributed.

61. That Plaintiff **WILLIAM HIGGINS** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, **BIOMET, INC.**, their agents, servants, employees and/or licensees in improperly and negligently manufacturing, assembling, testing, inspecting, producing, marketing, importing, distributing and selling said product for use by the general public; and in otherwise being careless and negligent.

12

FILED: NASSAU COUNTY CLERK 12/16/2017 10:58 AM
NYSCEF DOC. NO. 1

INDEX NO. 613675/2017
RECEIVED NYSCEF: 12/16/2017

62. That Plaintiff WILLIAM HIGGINS was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, BIOMET ORTHOPEDICS, INC., their agents, servants, employees and/or licensees in improperly and negligently manufacturing, assembling, testing, inspecting, producing, marketing, importing, distributing and selling said product for use by the general public; and in otherwise being careless and negligent.

63. That by reason of the foregoing, Plaintiff WILLIAM HIGGINS was caused to sustain serious injuries and to have suffered pain, conscious pain and suffering, blood poisoning, unsafe blood cobalt levels, unsafe blood chromium levels, synovial fluid inculcated with cobalt and chromium, osteolytic reaction to the acetabulum, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff WILLIAM HIGGINS has been caused to incur, and will continue to incur, expenses for medical care and attention and has suffered economic loss; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

64. That by reason of the foregoing, Plaintiff WILLIAM HIGGINS has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff WILLIAM HIGGINS demands judgment against the Defendants BIOMET, INC. and BIOMET ORTHOPEDICS, INC. herein on all causes of

13

FILED: NASSAU COUNTY CLERK 12/16/2017 10:58 AM
NYSCEF DOC. NO. 1

INDEX NO. 613675/2017
RECEIVED NYSCEF: 12/16/2017

action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:    Garden City, New York
           December 15, 2017

                                JOSEPH G. DELL
                                DELL & DEAN, PLLC
                                Attorneys for Plaintiff
                                WILLIAM HIGGINS
                                1225 Franklin Avenue, Suite 450
                                Garden City, New York 11530
                                (516) 880-9700
                                File No.: 3026

FILED: NASSAU COUNTY CLERK 12/16/2017 10:58 AM
NYSCEF DOC. NO. 1

INDEX NO. 613675/2017
RECEIVED NYSCEF: 12/16/2017

## VERIFICATION

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF Nassau    )

William Higgins, being duly sworn, says:

I am an the plaintiff above named.

I have read the foregoing Complaint and know its contents; the same is true to my knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

                               *[signature]* William T. Higgins

Sworn to before me this
15 day of December, 20 17

*[signature]*
NOTARY PUBLIC

JANINE M TIPA
Notary Public, State of New York
No. 01TI6314365
Qualified in Suffolk County
Commission Expires November 3, 20 18